It is good ground of opposition to a motion for a struck jury, that the affida-
vit on which it is made, does not show wherein it is intricate or important.
But if no opposition be made, it is then confessed.

HOFFMAN moved for a struck jury, on an affidavit stat-
ing the case to be intricate and important.

*Jones* contended that it was defective in not showing
wherein the importance or intricacy consisted.

*Per Curiam.* In all these cases the court ought to see,
from the facts laid before them, that the cause is either
intricate or important, and not submit themselves to the
opinion of the attorney. We want something beyond his
mere affidavit. The words of the statute require this. If,
indeed, there be no opposition, then the motion passes, as
in other cases, of course; because the opposite party by
his conduct confesses these requisites.

Motion denied.

## SHAWE *against* WILMERDEN.

If a defendant, after pleading the general issue, obtain his discharge under
the insolvent law, and his attorney, by mistake, serve a notice of giving it
in evidence at the trial, the court will in a stale cause give leave, on pay-
ment of costs, to strike out the notice and plead the special matter, as a
plea *puis darrein continuance*, but then the plaintiff will be at liberty to
discontinue without costs.

AFTER pleading the general issue, the defendant ob-
tained his discharge under the insolvent law. His then
attorney, who had long since declined business, gave no-
tice that he would give this special matter in evidence.

Manhattan Company v. Brower.

The action being now again proceeded in, application was made for leave to strike out the notice, and ·plead the dis·charge, as the mistake of the attorney formerly employed was the reason why it was not before done.

*Harison,* contra. The known rule is, that an insolvent must plead his discharge. In the present case it ought to *have been *puis darrein continuance.* It [*381] is a defence *stricti juris,* and not to be favored.

*Per Curiam.* Let the defendant, on payment of costs, have leave to withdraw his notice and plead the special matter; the plaintiff to be at liberty to discontinue with·out costs.

Motion granted.(*a*)

(*a*) The rule is, that where a defendant, before judgment, shows to the court that he has obtained his discharge under an insolvent law, he will, though by strict practice too late in his application, be permitted to plead it, on paying costs. *Broome* v. *Beardsley,* 3 Caines' Rep. 172; *President and Directors of the Merchants' Bank* v. *Moore,* 2 Johns. Rep. 294; see *Lackey & Briggs* v. *M'Donald,* 1 Caines' Rep. 117, n. (*a.*)