## HILL, ᴇᴛ ᴀʟs, v. FITZPATRICK, Gov., ᴜsᴇ, &ᴄ.

1. In an action against a sheriff and sureties, on his bond, it is not necessary to allege a demand *specially*. The case of McBroom v. The Governor, [6 Porter 32,] *contra*, overruled.

2. The plaintiff may, on the trial, abandon such of the assignments of breaches as he thinks proper, even after a demurrer to them has been overruled.

3. In a suit against the sheriff and his sureties on his bond, the latter cannot insist that they are not liable upon the bond described in the declaration, but upon one executed subsequently, unless they put the fact in issue by plea.

4. In such an action it is not necessary to produce the judgment on which the execution issued, its recital in the execution is *prima facie* evidence of the fact against the sheriff.

5. To let in secondary evidence of the contents of an execution, it is not necessary that a search should be made for it in the clerk's office, by the clerk ; a search by any one who has access to the office will be sufficient, especially in a case where slight evidence of the loss of the paper would be sufficient.

6. An *alias pluries fi. fa.* is sufficiently described as an " execution."

7. The recital in an execution that it has been issued on a judgment affirmed by the Supreme court, and that *ten per cent. damages* is to be made thereon, is evidence against the sheriff of the fact, without producing the record of the affirmed judgment.

8. A sheriff who has collected money upon an execution, cannot dispute the right of the plaintiff to the money, upon the ground that the judgment was satisfied by a recovery and satisfaction in another case, founded upon the same cause of action.

9. A deputy sheriff invested by his principal with the power to collect money under execution, and actually collecting it, cannot refuse to pay it over without putting his principal in default; a demand therefore, of him, is, in law, a demand of the principal. It will not vary the case that the sheriff's office has been declared vacant as he has the power to finish the business which he had begun.

Eʀʀᴏʀ to the Circuit Court of Wilcox.

This was an action by the defendant in error, upon the official bond of Hill, the sheriff, and his sureties.

The declaration sets out the bond and its condition, and assigns seven breaches.

1. That Hill (the sheriff) after the execution of his bond, and during the continuance of, and whilst in the discharge of the duties of his office, did as such sheriff, collect the sum of $1,605 51,

upon an execution which issued from the clerk's office of Wilcox circuit court, on the 25th Nov. 1839, and returnable to the next spring term of said court, in favor of one Robert L. Jamison, for the sum of $1,438 08 damages, and $143 80 damages adjudged by the supreme court for delay, and $23 62 1-2 costs against Harris S. Evans, Thomas E. Ellis, John A. Evans and Abel E. ' Evans. But the said Hill, sheriff, as aforesaid, though often requested so to do, has not paid, &c. &c.

The second, third, fourth and fifth assignments of breaches, were abandoned at the trial.

The 6th is in the usual form, for a failure to return the execution.

The 7th breach, after alledging the receipt of the execution by the sheriff as in the first breach, proceeds, that the said Hill, as such sheriff, did collect the moneys therein mentioned, and ought to have paid the same over on demand, to the said Robert L. Jamison. But the said Hill, although often requested so to do, wholly neglected and refused to pay over on demand, to said Jamison, the said last mentioned sum of money, or any part thereof, and still neglects and refuses so to do, to wit, &c.

By reason whereof, &c. &c.

The defendants demurred to all the assignments of breaches except the sixth, to which they pleaded payment. The court overruled the demurrer, but permitted the plaintiff to strike out the second, third, fourth and fifth assignments of breaches.

From a bill of exceptions taken at the trial, it appears that the defendant objected to the reading by the plaintiff of the bond declared on, because another bond was subsequently made by Hill, approved and filed, and proposed to prove that the default of the sheriff, if any, was after the execution of the last bond, but the court overruled the objection, and permitted the bond to be read.

The defendant also objected to the evidence of the judgment, because it was not proved that it was the same upon which the execution mentioned in the declaration was issued, but the court permitted it to be read.

The defendant also objected to the evidence of one C. C. Sellers, who proved that the execution, after diligent search, could not be found in the clerk's office, because he was not the keeper of the office; but the evidence was admitted to show its absense and secondary evidence offered of its contents.

The plaintiff also offered to read from the execution docket, the description of the execution, its reception by the sheriff's deputy, return, &c. which was objected to by the defendant, because, on the docket it appeared to be an *alias pluries*, and the declaration described it as an original, but the objection was overruled, and the evidence allowed.

The defendant further objected, that the entry of ten per cent. as damages, adjudged by the supreme court on the execution docket, was not sufficient proof of the affirmance of the judgment by the supreme court, with damages, but the objection was overruled, and the entry read.

It was proved that Jamison, the plaintiff, had obtained a judgment against Thomas Evans as accommodation acceptor, on the same bill on which the judgment on which the execution in the present case issued—that on execution against Thomas Evans, plaintiff, had been satisfied of his claim—that the interest in the judgment against H. S. Evans, had been transferred by Jamison to Josiah Evans, administrator of Thomas Evans, but it was not shown that it was in writing—that the agent of Josiah Evans, whose authority was not shown to be in writing, demanded the money of one Daniell, the deputy of Hill, and gave in evidence to the jury, the reply of Daniell to the demand. This testimony was objected to, but permitted to go to the jury.

It was also in evidence, that Hill, the sheriff, left the State—that during his absence, his office was declared vacant; that after Hill left the State, Daniell still continued to act as his deputy—that after the office was declared vacant, Daniell still continued to act as deputy—that during this period, Daniell made the money on this execution, by a sale of property, and paid a part over to Josiah Evans. The demand above spoken of, was also made during Hill's absence.

Under this proof, the defendant's counsel moved the court to charge the jury, that if plaintiff had received his money of Tho's Evans previous to the demand in this case, he could not recover. That a demand must be proved to have been made of Hill or his sureties, and that a demand of Daniell, the deputy, was not sufficient. That unless a transfer, in writing, of the judgment from Jamison to Josiah Evans, and an authority in writing, by him, to the person making the demand, was proved, the plaintiff could not recover. The court refused to give these charges, and then

charged the jury, that if Jamison had obtained judgment and execution against two different parties to the same bill, and collected the amount from one, he might permit the money to be collected on the other execution for the benefit of the party entitled to it.   That if Daniell was the authorized deputy of Hill, and continued to act as such in his absence, by making the money in this case, and retained the money, and continued to act for Hill,.then a demand of Daniell was sufficient; although, during Hill's absence, and after his office had been declared vacant.   That it was not necessary that the transfer of the judgment from Jamison, or the authority from Josiah Evans to make demand, should be in writing.

To the charges given and refused, and to the other matters contained in the bill of exceptions, the defendant excepted.

Assignments of error.

1. The court erred in overruling the demurrer.

2. In permitting the plaintiff to strike out some of the breaches assigned after demurrer overruled.

3. The court erred as set forth in the bill of exceptions.

4. In proceeding to trial without replying to the pleas.

DEAR, for the plaintiff in error.
SELLERS, contra.

ORMOND, J.—We consider the breaches upon which the cause was tried, well assigned.   The first and seventh breaches alledge in substance, that Hill, as sheriff of Wilcox county, received the execution which issued on the plaintiffs' judgments on a day which is set forth, returnable to the next succeeding term of the court, and that he made the money thereon.   It is true, no special request is alleged to have been made of the sheriff for the money, nor was it necessary to allege one.   The *licet saepius requisitus* was sufficient, at least in this State, when special demurrers are abolished.   That the omission cannot at this day be taken advantage of by general demurrer, [see the authorities referred to in 1 Chitty's Pleading, 324,] the law was ruled otherwise by this court in McBroom v. The Governor, [6 Porter, 32,] but we are satisfied the decision was wrong.   The sixth breach assigned, is, for a failure to return the execution, and is in the usual form.   We have not thought it necessary to examine

the four assignments which were abandoned by the plaintiff on
the trial, as his right to do was unquestionable, even after the de-
fendants demurrer had been overruled.

The remaining questions arise on the bill of exceptions. The
court did not err in permitting the plaintiff to read the official
bond of the sheriff, which was described and set out in the de-
claration.   If a subsequent bond was executed, which supersed-
ed the bond declared on, the fact should have been put in issue
by plea.

It was not necessary in this action, to produce the judgment on
which the execution issued; the recital of its existence in the exe-
cution under which the sheriff acted, was at least *prima facie*
evidence of the fact.

The objection that the preliminary proof, that the execution
was not to be found in the clerk's office, was not sufficient *to* let
in secondary evidence, was properly overruled by the court, so
far as we can judge from the record.   The objection was, that
the person who made the examination, was not the keeper of the
office, but it by no means follows, that he did not have access to
the office to make the search, or that he was not assisted by the
clerk in making it.   Nor, indeed, is it shown that the execution
was ever returned to the clerk's office by the sheriff, but the con-
trary is inferrable, from the whole case.   This is, then, one of the
cases in which very slight evidence of the absence of the lost pa-
per would be sufficient, the more especially as there must have
been extant on the records of the court, and the books of the
clerk's office, permanent evidence of all the constituent parts of
the execution.

It was not a variance between the allegations and the proof,
that in the declaration the *fieri facias* received by the sheriff, is
described as an "execution," and the proof showed it to be an
*alias pluries fi. fa.;* the former is a generic term which embraced
the latter.

Upon the affirmance of a judgment of an inferior court, by this
court, the certificate of that fact, which the clerk of this court
sends to the inferior court, is the record of the affirmed judg-
ment upon which the execution issues.   As already observed,
the recital of the affirmed judgment in the execution, authorised
the sheriff to collect the ten per cent. damages awarded against
the defendants, and being proof of that fact as against the sheriff,

superseded the necessity of producing the record of the judgment.

It did not lie in the mouth of the sheriff to object, that the judgment of the plaintiff had been satisfied by the payment of another judgment obtained on the same bill. Having collected the money by the authority of an execution on a judgment of the plaintiff, he could not dispute his right to receive the money.

The only remaining question is, whether the demand made of the deputy sheriff was sufficient. The facts stated are, that Daniell was the authorised deputy of the sheriff Hill, both before and after the latter left the State. That during the absence of Hill, his office was declared vacant, after which Daniell continued to act as his deputy, and collected the money on this execution. It is not necessary to consider how far the *exparte* proceeding under the statute, by which the Governor was officially notified that Hill's office was vacant, affected his right to the office, because, conceding that it vacated his office as fully as if his term had expired, he had the undoubted right to complete the execution of process which he had begun. The jury have found that Daniell, in the collection of this money, was his authorized deputy, and he must of necessity have also been invested with the power of paying it over. A deputy sheriff, invested with all the power of his principal to collect money by a *fieri facias*, and actually collecting it, cannot refuse to pay it to the plaintiff without putting his principal in default. Conceding then, that a demand was necessary, this was a sufficient demand, and as the authority of the plaintiff to make it, was shown, it was not necessary that it should have been in writing.

Let the judgment be affirmed.