## Case No. 14,515.

UNITED STATES v. BANK OF ARKANSAS.

[1 Hempst. 460.] [1]

Circuit Court, D. Arkansas. May, 1846.

MARSHAL—SALE AFTER REMOVAL—REAL ESTATE—NOTICE—DEPUTY.

1. The removal of a marshal before he has sold real estate on execution in his hands, destroys his right to proceed; and a sale of land, after

---

such removal, is null and void, and will be set aside on motion.

2. Such removal would not affect his right to sell personal property in his possession, and for which he is answerable.

3. When an appointee has received a commission from the president, taken the oath of office, and given the requisite bond, the present incumbent is superseded, and his removal is complete.

4. Notice is not necessary to effect such removal.

[Cited in Westberg v. City of Kansas, 64 Mo. 493.]

5. Different modes of removing an officer stated.

6. Notice to a deputy marshal who performs an act, is equivalent to notice to the marshal himself.

7. Notice to an agent is notice to his principal.

Motion to quash sales of real estate on execution, determined before the Hon. BENJAMIN JOHNSON, District Judge, holding the circuit court; the Hon. PETER V. DANIEL, absent.

S. H. Hempstead, U. S. Dist. Atty.

Lemuel R. Lincoln and Williamson S. Oldham, for the bank.

OPINION OF THE COURT. A judgment having been rendered in this case in favor of the plaintiff, an execution was issued on the 17th May, 1845, and placed in the hands of Henry M. Rector, then United States marshal for the district of Arkansas. On the 23d May, 1845, the president of the United States, by letters patent, appointed Elias Rector marshal, who executed the requisite bond, and took the oath of office on the 30th June following. Between the 8th and 30th days of June, 1845, Nathaniel T. Gaines, as deputy marshal under Henry M. Rector, turned over sundry writs and executions to Elias Rector; during which time Henry M. Rector was absent from the state of Arkansas. Deputy Marshal Gaines having previously levied on real estate belonging to the defendant, and duly advertised the same, proceeded to sell it on the 25th July and 2d and 18th of August, 1845.

On these facts a motion has been made by the defendant to set aside those sales, on the ground that the removal of Henry M. Rector deprived him eo instanti of all right to sell the real estate thus levied on by him. The 28th section of the judicial act of the 24th September, 1789 (1 Stat. 87), provides, that "every marshal or his deputy, when removed from office, or when the term for which the marshal is appointed shall expire, shall have power, notwithstanding, to execute all such precepts as may be in their hands respectively at the time of such removal or expiration of office." The 3d section of the act of the 7th May, 1800 (2 Stat. 61), provides, that "where a marshal shall take in execution any lands, tenements, or hereditaments, and shall die or be removed from office, or the term of his commission expire before sale, or other final disposition made of the same, in every such case, the like process shall issue to the

succeeding marshal. and the same proceedings shall be had as if such former marshal had not died or been removed, or the term of his commission had not expired." The intention of this act is plain. If a marshal be removed before he has actually sold land, he cannot proceed to do so; but a new writ must issue to his successor. As to personal property in his possession, and for which he is answerable, the case would be different.

But here the inquiry arises, when shall he be said to be removed from office? There are various modes of effecting it. It may be made by a notification, by order of the president, that an officer is removed. In such a case, the removal would be complete on the reception of the notice. A removal may also be effected by a new appointment, operating as a revocation of the commission of the present incumbent. Hennen's Case, 13 Pet. [38 U. S.] 230, 261. In this mode the president does not remove the old marshal instantly, and then proceed to make a new appointment, but leaves him to discharge the duties of his office until certain acts are performed by the new appointee, and then the removal is complete, and the predecessor gives place to the successor. This is the usual practice of the president in removing federal officers, adopted doubtless with a view of preventing any thing like an interregnum in offices in which the public is deeply concerned. What are these acts? The new marshal must receive a commission from the president, take the oath of office, and give the requisite bond. 1 Stat. 87. He is then, and not until then, marshal of the district, qualified to act in that capacity, and the removal of the old marshal is then effected. In other words, it may fairly be presumed that the president has removed the present incumbent from office when a new one, capable of discharging the same duties, has been appointed. The office is then filled, the newly appointed person becomes an efficient officer, and is legally entitled to act; and this, it seems to me, is the true point of time from which the removal is to be dated. Johnston v. Wilson, 2 N. H. 202; People v. Carrique, 2 Hill, 95, 101.

In Bowerbank v. Morris [Case No. 1,726], it was held that a removal by a new appointment was not complete until the old marshal received notice of such appointment, and all acts done by him before such notice were good. Even admitting this to be a sound construction of the acts of congress alluded to. I am clearly of opinion that the late marshal received notice of the new appointment before the sales in question were made. Those sales, as stated. were made by Deputy Gaines, and it appears in evidence that he received notice from Elias Rector of his appointment previous to that time. Notice to the deputy marshal who made the sales is certainly equivalent to notice to the marshal himself. Notice to the deputy who performs the act is, in legal contemplation, notice to the principal. 9 Serg. & R. 390; 6 Cow. 467;

4 Bibb, 53; 6 Ala. 314; 3 Starkie, Ev. 1013; 1 Ld. Raym. 190; 10 Johns. 478; 12 Mass. 163. But I do not consider notice essential to render the removal complete; and this position is sustained by an express decision of Judge McLean, in the case of Overton v. Gorham [Case No. 10,626]. He there says: "Notice to the late marshal of his removal was not necessary, for his functions were terminated by the act of removal." In this case, Elias Rector took the oath of office and executed the bond required by law on the 30th June, 1845; and as the sales in question were made subsequent to that period, they are consequently null and void, and must be set aside. Ordered accordingly.

NOTE. In Doolittle's Lessee v. Bryan, 14 How. [55 U. S.] 563, it was held that a sale of land by a marshal, after he is removed from office and a new marshal appointed and qualified, is not void. It was said that the act of 1789 was not expressly or by implication repealed by the act of 1800, and that the latter was only intended to give cumulative rights and powers for the benefit of suitors. That being the case, it follows that the old marshal may sell lands where the process comes to his hands before his removal, and the sale will be good. Under this decision, it is clear that the above sales made by Marshal Henry M. Rector were valid, and should not have been set aside, although the decision of Judge Johnson is sustained by the very respectable authority which he cited, and on which he relied.