McBride, judge,
delivered the opinion of the court.
Apperson brought his writ of forcible entry before a justice of the peace in Green county against Ingram. Ingram obtained a writ of certiorari and removed the case to the circuit court. The Judge of the Green circuit court having been of counsel in the cause, the same was removed by a change of venue to Polk county, where, upon a trial in *60 that court, the plaintiff took a non-suit, which he subsequently moved to have set aside, but the court refused his motion, and he excepted, and sued out a writ of error from this court.
On the trial in the circuit court, the plaintiff introduced a letter from E. Headlee, who affixes to his name the initials J. P., and addressed to the plaintiff’s attorney, in which he states that he finds on the docket of Daniel Appleby Esq., for 1837, that the plaintiff filed his complaint of forcible entry and detainer against the defendant, that a summons issued thereon, a trial was had and verdict and judgment against the defendant, on which a writ of restitution was awarded on the 24th June 1837 5 but that none of the papers of the suit are in his possession; and thereupon the plaintiff asked to prove, by parol, the contents of the papers in said cause; which the court refused, and the plaintiff excepted. •
The plaintiff then proved the premises, set out in his complaint, to be situate in Green county, and in the section, township and range specified. That in November 1838, Ingram, the defendant, removed from the house, situate on the land described, some iron and blacksmith tools, and removed the forge erected therein, and afterwards took possession of said house. The iron and tools were the property of the plaintiff. This was all of the plaintiff’s evidence.
The defendant then introduced evidence conducing to show that after the land in question was entered by him the plaintiff removed the fencing and fruit trees from the land, and ceased to cultivate it. He also offered in evidence the certificate of the Register of the land office showing that he had entered the land. The certificate had no date, and the plaintiff objected to its introduction, but the court over ruled the objection, and permitted it to be read to the jury, the plaintiff excepted. No other evidence was offered, and thereupon the plaintiff took a non-suit.
The object which the plaintiff had in wishing to prove the contents of certain papers and proceedings had before Daniel Appleby, a late justice of the peace, was to show that a similar proceeding had been instituted by him against the defendant, and the same was prosecuted to judgment, and that a writ of restitution was awarded him for the premises in controversy, under which writ he was put into possession, and continued to hold and enjoy the same until dispossessed by the defendant in the manner proved. We do not think the letter of Mr. Headlee sufficient to authorize the plaintiff to prove, by parol, the contents of the papers which he desired to give in evidence. That letter does not show that the official papers of Justice Appleby are confided *61 to his custody by law. He may be the successor, and, if so, he is entitled to the custody and keeping of his predecessor’s official papers; but that fact does not appear from his letter. He says that none of the papers are in his possession; and so might any other individual in the community say the same thing, and yet that would not be sufficient to authorize the introduction of parol evidence. If Mr. Headlee was entitled by law to the custody of the papers of Mr. Appleby, he should have either certified officially their loss, or he should have been examined under oath to the fact.
The circuit court committed no error in refusing the parol evidence offered on this point by the plaintiff, and without such proof the plaintiff had not made out a case which entitled him to recover.
The judgment of the circuit court is affirmed.