Hanson *v.* Kelley.

---

## HANSON *versus* KELLEY.

It is no ground of exceptions, when the Court excludes questions to a witness, the answers to which, could not aid the party propounding them.

Secondary evidence of the contents of a paper, alleged to be lost, is not admissible, upon the testimony of a witness, that he was clerk of the party and had the oversight and filing of his papers, and had made thorough search with the party among them for the paper, but could not find it, and believed it to be lost.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, on a note of hand signed " A. P. Kelley, by W. B. Kelley."

The note was payable to one Knowles, and by him endorsed to plaintiff, before its maturity.

The defendant denied the authority of W. B. Kelley to give the note, and introduced him as a witness, and he testified that he had no authority to sign the note, or any note.

Defendant then interrogated the witness as to the reason of his signing the note as agent, and asked what was said at the time, and under what circumstances he was induced to sign the note. *This evidence was objected to and excluded.*

The witness testified that he had authority to accept orders drawn for labor by men whom he was supplying; and that he was supplying one Page, for whom the oxen were alleged to be purchased, for which the note in suit was given, and that Knowles brought a letter or paper from Page, which was in part the inducement for his signing the note. He then testified that he was defendant's clerk, and had the oversight of his papers, and filing of them; that he had made thorough search with defendant, among defendant's papers to find the paper, but could not find it, and believed it lost. Thereupon the defendant offered to prove the contents of the paper but the Court excluded the evidence.

The jury rendered a verdict for plaintiff, and defendant excepted to the rulings of the Court.

*A. W. Paine,* for defendant.

The evidence rejected was a part of the *res gestæ.* The rule in such cases is expressed by HOSMER, C. J., in *Enos* v. *Tuttle,* 3 Conn. 250, and explained in 3 Phil. Ev. 207; 1 Greenl. on Ev. § 108, note 2.

The act of signing the name was but a part of the transaction. The will, the motive for signing was as essential and even more so, than the act itself of writing the name. *Allen* v. *Duncan,* 11 Pick. 308.

The parol proof of the contents of the letter was admissible. 1 Greenl. on Ev. § 558; *Sellers* v. *Carpenter,* 33 Maine, 485; 1 Stark. Ev. 336, Met. ed.

*Knowles & Briggs,* for plaintiff.

TENNEY, J. — The note purports upon its face to have been signed by the defendant, acting through W. B. Kelley. The defendant denied the authority of W. B. Kelley to sign the note in his behalf, and introduced him as a witness. He testified, that he had no authority to sign the note in suit, or any note. On the witness being interrogated by the defendant, as to the reason of his signing the note, as agent, and touching the conversation at the time, and under what circumstances he was induced to sign, objections were interposed by the plaintiff; and the witness was not allowed to answer the inquiries made.

To entitle the plaintiff to recover in the action, it was necessary to show in some mode, that W. B. Kelley had the right to affix the defendant's name to the note, and make him liable. Without some proof, no presumption of such authority would arise. It might be desirable, that the witness should be exculpated from any design to do wrong, in using the name of the defendant improperly; but after having in the fullest manner denied the right to sign the note as he did, it is not perceived, that a detail of the circumstances would make that denial in any respect stronger than it was when first expressed. The defendant could not have been injured by the ruling of the Court.

The exceptions taken to the exclusion of the secondary evidence of the contents of a paper referred to, in the trial has no legal foundation. A witness testified, that he was the defendant's clerk, and had the oversight of his papers and of the filing of them; that he had made thorough search with the defendant among the papers of the latter, for the purpose of finding the paper, but was unsuccessful, and he believed it to be lost.

"It seems in general, that the party is expected to show, that he has in good faith, exhausted in a reasonable degree, all the sources of information, and means of discovery, which the nature of the case would naturally suggest, and which were accessible to him," and "the affidavit of a party is admissible to show the loss, after other evi-

dence, that it once existed, is introduced." Greenl. Ev. §
558. The evidence produced, that the paper was lost, was
not inconsistent with the hypothesis, that it was in exist-
ence, and that the defendant had a knowledge of the place,
where it could be found. Notwithstanding the oversight of
the papers of the defendant was with the witness, it does
not appear, that their custody was not with the owner, and
if he had made thorough search and was unable to find it,
he could have made affidavit of that fact.

*Exceptions overruled.*

SHEPLEY, C. J., and RICE and HATHAWAY, J. J., concurred.