*452
 
 Nash, C. J.
 

 In the judgment below, there is error. By the 79th section of the Act of 1836, Bev. Stat. ch. 31, it is enacted: “ the party in whose favor judgment shall be given,
 
 or in oase of a non
 
 suit, dismission or discontinuance, the defendant shall be entitled to full costs, unless where it is or may be otherwise directed by Statute.” ¥e know of no subsequent Act altering this general provision, except in special cases.
 

 In this case, the defendant, after the cause had been put to issue, pleaded,
 
 since the last
 
 continuance,
 
 accord and satisfaction■,
 
 which was admitted by the plaintiff, and a judgment of non suit was rendered against him.
 

 Ohitty, in his work on pleading, vol. 1, pages 638 & ’9, says, that a plea since the last continuance is a matter of right, if pleaded in apt time. If not so pleaded, its admission is a matter of discretion with the Court, to be granted on such terms as it may deem proper. Here the plea was offered in ■apt time, and upon its reception, judgment of nonsuit was rendered against the plaintiff. It is brought precisely under the restriction of the Act referred to. The question of costs in this State is regulated by Statute. In the case of
 
 Gubbs
 
 v.
 
 Ellis,
 
 2 Car. L. Rep. 612, see also
 
 Morgan
 
 v. Cone, 1 Dev. and Bat. 234, where this point is also decided. In the first, the plaintiff, during the pendency of the suit, took possession of the premises in question, which being pleaded since the last continuance,
 
 “
 
 the Court held, the costs must necessarily be paid by the plaintiff, whose entry on the premises has destroyed the effect of his writ.” In this case, the accord and receiving satisfaction, since the last continuance, by the plaintiff, destroyed the effect of his writ, and he could not recover an\ judgment against the defendant for the debt claimed.
 

 Pee Cueiam. Judgment below, in favor of the plaintiff, for his costs, is reversed, and judgment rendered for the defendant to recover his costs against the plaintiff.