LEVI STRATTON *et al.* v. ISADORA HAWKS.

1. DEED, *Record of, in Evidence — Degree of Proof.* Only that degree of proof that is necessary to satisfy the trial court of the existence of the fact that the original is not in his possession, or under his control, is required to entitle a party to use the record of a deed in evidence.

2. FINDING OF FACT, *When not Disturbed.* A finding of fact necessarily embraced in the general judgment rendered by the trial court, will not be disturbed in this court if there is some evidence to sustain it.

*Error from Wabaunsee District Court.*

PARTITION. Judgment for plaintiff *Hawks,* at the March term, 1887. The defendants *Stratton* and two others bring the case here. The facts appear in the opinion.

*George G. Cornell,* for plaintiffs in error.
*Hazen & Isenhart,* for defendant in error.

Opinion by SIMPSON, C.: The defendant in error, Isadora
Hawks, filed her petition in the district court of Wabaunsee
county in April, 1885, in which she demanded partition of
certain real estate, alleging that she was the owner of an un-
divided half thereof and that Levi Stratton was the owner
of the other half. Stratton answered, denying her ownership
of an undivided half of the land, and claiming that one Jacob
Beard was the owner of that part of the land claimed by her.
Jacob Beard and Permelia his wife, by permission of the
court, were made parties, and they filed answers claiming that
Jacob Beard was the owner of that part of the land claimed
by Isadora Hawks. The real controversy was between Isa-
dora Hawks and Jacob Beard as to the ownership of the one
undivided half of the real property. The case was tried by
the court, which rendered a judgment partitioning the land
between Isadora Hawks and Levi Stratton. Beard brings
the case here.

The objections made by the attorneys of the defendant in
error, that the petition in error was not filed within a year,
and that the case-made does not show affirmatively that the
motion for a new trial was filed in time, are not well taken,
and are both overruled. The history of the transaction out
of which arises the contention about ownership, is as follows:
On the trial of the case, title was admitted from the govern-
ment down to Levi Stratton and Jacob Beard. The principal
question was whether Beard and wife had executed a deed
for their interest in the land to one R. M. Thompson, through
whom Isadora Hawks claims. The defendant in error, to
maintain the issues on her part, introduced as a witness the
register of deeds of Wabaunsee county, who brought with
him the record of a deed from Beard and wife to Thompson,
which was offered in evidence. The deed was claimed as a
forgery by Beard and wife, and they objected to the intro-

duction of the record. Geo. W. Hawks, the husband of Isadora Hawks, was then examined for the purpose of laying a foundation for the introduction of the record. He testified in chief and on cross-examination that he had done the correspondence and directed the business in purchasing this land for Isadora Hawks; that she never did have the original deed in her possession or under her control, either directly or by his agency; that he had the custody of all the deeds, papers and business of the family, and that he knows that she has not the possession of the deed, as the original deed was never sent them from Ohio. He said that it might be that his wife had the deed without his knowledge, "but it is not at all probable." This record shows that the deed was executed on the 28th day of May, 1878, in Clinton county, Ohio. It was filed for record in Wabaunsee county on the 29th day of November, 1879. It is very strongly urged that no proper foundation was shown for the introduction of the record of the deed in evidence, and that the trial court erred in permitting it to be read. The attorney of the plaintiffs in error draws the line very strictly, and while he does not cite the case of *Brock v. Cottingham*, 23 Kas. 383, he had it in mind when he wrote his brief. It has no application to the case we are considering. In that case an execution was alleged to have been lost, and the party was seeking to prove its loss and then its contents by parol, and this court held to the strict rule that its loss must clearly be proven, and that its last known custodian must be introduced to show the loss. The question here is, what amount of proof is necessary to satisfy the court that an original deed, which has been duly recorded, is not in the possession or under the control of a party who is seeking to introduce the record of the deed, to admit such record? Section 387*a* of the civil code, and §27, chapter 22, Compiled Laws of 1885, are probably the only statutory provisions regulating the introduction of the record and determining its effect as evidence when introduced. These two sections seem to require only such proof as will satisfy the court that the original deed is not in the possession or

under the control of the party desiring to use the record, in order to entitle the record to be admitted. In truth, the section of the code which is more particularly applicable does not prescribe how it shall be determined that the original is not in the possession or under the control of a party desiring to introduce the record. The other section, which allows certified copies of the record to be introduced, says that upon proof that the original is not in the possession or under the control of the party desiring to use it, certified copies of the record may be introduced. Probably both sections mean that the record or certified copies of the record may be introduced whenever it is shown to the satisfaction of the court that the original is not in the possession or under the control of the party offering the record or a certified copy thereof. Only that degree of evidence is required that creates a reasonable certainty of the existence of that fact. Complaint is made in this case because Isadora Hawks was not put upon the witness stand to testify as to her possession and control of the deed to Thompson. Suppose she had been, she would have undoubtedly stated that her husband transacted her business, and was the custodian of all the papers connected with it. The showing would not have been made stronger by the addition of her evidence. It is a mere matter of evidence, (*Williams v. Hill*, 16 Kas. 23,) and all that is necessary to do is to produce enough to satisfy the trial court of the fact that the original is not in the possession or under the control of the party offering the record. The degree of evidence required must of necessity be governed by the particular circumstances surrounding each offer. In this case the proof offered was satisfactory to the trial court, and must be regarded as sufficient on review, under well-known and oft-repeated rules.

Another objection to the introduction of the deed, or rather the record of it, was made on account of a defective acknowledgment; but as the objection is a general one, and no particular defect is pointed out or insisted on in the brief of counsel for plaintiffs in error in this or the subsequent deeds

to which an objection is made, we will not notice the objections.

It is also insisted with vigor and ingenuity that there was no delivery of the deed from Beard and wife shown by the record. This was one of the most closely-contested questions involved in the case. The direct evidence bearing upon it was conflicting. Many circumstances were shown from which strong inferences arose tending to support both theories. The judgment rendered by the trial court necessarily includes a finding that there was a delivery of the deed to Thompson, because if the trial court had been of the opinion that there had been no delivery of the deed, the inevitable result would have been that the judgment would have been rendered in favor of the party now here complaining. It is true beyond all qualification, that there is some evidence to support the finding contained in the judgment that there was a delivery of the deed to Thompson; hence we cannot disturb the judgment for the reason urged, without entirely disregarding well-established rules. We have discussed the material questions sufficiently; the others are unimportant. There are no reversible errors in the record.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.