NEOSHO VALLEY INVESTMENT COMPANY v. CURTIS
H. HANNUM.

**No. 12,381.**   (66 Pac. 631.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Objection to Depositions.* It is not error to overrule a motion to suppress a deposition when the motion does not clearly point out the objection thereto. An objection to a deposition, based upon the fact that the name of the officer taking it is not indorsed upon the envelope containing it, is not pointed out by an objection that the deposition was not sealed up by the officer taking it.

2. CORPORATIONS—*Ratification of Contract.* The showing that a corporation carries out the provisions of a contract made on its behalf and receives benefits therefrom is sufficient proof that the execution of such contract was duly authorized by such corporation.

3. EVIDENCE—*Records of Register's Office.* The presumption that the original of a written instrument is not in the possession of one a stranger to it is sufficient, in the absence of other showing, to admit the record of such instrument, found in the books of the register of deeds' office, to be read in evidence. (*McLean v. Webster*, 45 Kan. 644, 26 Pac. 10.)

4. ——— *Proof of Immaterial Fact.* It is not error for a trial court to refuse to admit proof of a fact which does not tend to prove or disprove any matter in controversy.

Error from Labette district court; A. H. SKIDMORE, judge. Opinion filed November 9, 1901. Division two. Affirmed.

*A.·D. Neale,* for plaintiff in error.

*W. J. Moore,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The defendant in error, as plaintiff, brought his action against the plaintiff in error in the court below, basing it upon the following contract :

"This memorandum of agreement, made this 5th

day of March, 1892, between the Neosho Valley Investment Company, of Chetopa, Kan. and Curtis H. Hannum, of West Chester, in the county of Chester and state of Pennsylvania, witnesseth :

"That whereas, the party of the first part has this day given to the party of the second part their certificate of stock No. 177 for sixteen shares of the capital stock of the party of the first part, in exchange for the principal of a real-estate mortgage for $1600, given by Francis W. Noblett to R. Haines Passmore ; and whereas, there is now interest delinquent on said mortgage to the amount of $322 :

"Now, therefore, the party of the first part by these presents agrees that it will offer the farm for sale upon which said mortgage is a first lien, and when sold it will pay to the party of the second part the amount of said delinquent interest, $322.

NEOSHO VALLEY INVESTMENT Co.
By Robert Simons, President.''

He alleged in his petition that the land mentioned in this agreement had been sold by the defendant, and prayed judgment for $322, agreed therein to be paid upon the happening of that event. The defendant in its answer alleged : (1) A general denial ; (2) that it did not execute and deliver to the plaintiff the contract sued on ; (3) that if there was any contract made, it was made by Robert Simons, for his sole use and benefit, and not for the defendant ; (4) that if Simons did attempt to act for the defendant company in the making of the agreement, the same was done without the knowledge or consent of the defendant and without authority so to act. The second and fourth defenses were verified. Trial was had on the issues thus formed and judgment rendered for plaintiff, from which defendant, as plaintiff in error, brings error to this court.

Investment Co. v. Hannum.

1. Exceptions to depositions.    A motion was made by the defendant below to quash, set aside and hold for naught certain depositions, for the following reasons :

"First, because it does not appear from the said depositions that the same were sealed up by the officer taking the same, as required by law.

"Second, because it does not appear from the said depositions that the same were transmitted by the officer taking the same to the clerk of the court, as required by law.

"Third, because the said depositions are not authenticated, as required by the laws of this state.

"Fourth, because the said depositions are not sealed and directed, as required by the laws of this state."

The infirmity sought to be reached by this motion was that the name of the officer taking the depositions was not indorsed upon the envelope containing them. This motion was overruled, and plaintiff in error urges this ruling as its first ground of error.   We do not think that the motion reached the infirmity.   The first ground is the one that comes nearest doing so.   In that it is claimed that the depositions were not sealed up by the officer taking the same.   This certainly is not an attack on the depositions for the reason that the name of the officer was not indorsed thereon, and the court might well have overruled the motion for the reason that no complaint was made because of this omission.   The statute provides that exceptions to depositions shall be in writing, specifying the grounds of objection.   The motion in this case was not sufficient to challenge the attention of the court to the infirmity of the depositions.   The failure of the officer taking depositions to indorse his name on the envelope containing them does not show that they were not sealed up by such officer.   The court did not err in overruling the motion.

It is further claimed that the plaintiff below failed to show the execution of the contract sued on, the burden to do so falling upon him because of its denial under oath. Plaintiff did show that the signature to the contract was in the handwriting of Robert Simons; and that he was at the time president of the defendant company. He further showed that the company had issued its certificates of stock in compliance with one portion of its agreement, and had also received the benefits growing out of the sale of the lands mentioned therein. We think this is sufficient to warrant the conclusion that this was the contract of the defendant company. It is well-settled law that a corporation may not receive the benefits of a contract made in its name, and then repudiate said contract because it was in excess of the powers of the officer assuming to make it.

*2. Proof of execution by ratification.*

It is further claimed that the court erred in admitting certain records of conveyances found in the books of the register of deeds' office for the reason that sufficient foundation for such admission was not laid. The statute provides that the record of a paper, document or instrument authorized to be recorded, may be received in evidence when the original thereof is not in the possession or under the control of the party desiring to use the same. The record of instruments introduced was of conveyances made neither to nor by the plaintiff, and therefore presumably not in his custody. It was held, in *McLean v. Webster*, 45 Kan. 644, 26 Pac. 10:

*3. Register's records as evidence.*

"If it appears that the written instrument has been executed to the adverse or opposing party, and the party desiring to use the same is not entitled to the custody thereof, the presumption is that it is not in his possession or under his control."

Investment Co. v. Hannum.

In that case the introduction of the record in evidence was sustained without other foundation being laid than that afforded by such presumption. In *Stratton v. Hawks*, 43 Kan. 538, 23 Pac. 591, it was held that only that degree of evidence is required that creates a reasonable certainty of the existence of the fact that the original is not in the possession or under the control of the party offering the record. In the case at bar we think that the evidence was abundant to authorize the admission of the records; for, if any evidence aside from the presumption spoken of in *McLean v. Webster*, supra, was necessary, it was afforded by the testimony of the attorney for plaintiff, who testified that the plaintiff did not have the originals in his possession or under his control.

The plaintiff in error further urges as error that it was not permitted to show that it had not sold the real estate mentioned in the agreement, and hence

4. Proof of immaterial facts rejected.

that judgment should not have been rendered against it. Of course, the condition of liability on the part of the defendant being that it had sold the described real estate, it became necessary for plaintiff to allege and prove that the real estate had been sold. To maintain this issue, plaintiff introduced a witness who testified that, as agent for the defendant, he had sold the land in question to the person whom he named. Plaintiff also introduced the record of the deed made by the defendant and delivered to the party to whom this agent testified he had sold the land, which deed was dated and recorded prior to the bringing of the action. Plaintiff also introduced the record of a mortgage on the land in question given by the purchaser thereof to the plaintiff in error, defendant below. This evidence was clearly sufficient to prove

this part of plaintiff's case.    The defendant, to over-
come this, made the following offer of proof :

"Here counsel for defendant offers to show that,
although the Neosho Valley Investment Company
deeded the property in controversy to E. A. Milliken,
as shown by the records, yet that the said deed had
been returned, record canceled, mortgage foreclosed
upon said property, and that the Neosho Valley In-
vestment Company is now the owner of the property
referred to in the petition in this action ; that it has
never disposed of the same or any part thereof."

Practically the same offer, as attorney for plaintiff
in error says in his brief, was subsequently made.
These offers were objected to and the court refused to
permit the proof to be made as therein indicated.    It
will be noted that the offer was to show not that the
Neosho Valley Investment Company had not sold the
property, but that, having deeded the property, yet,
by some subsequent agreement, the deed had been re-
turned and the record canceled.    Now, if this had
been true, this was no reconveyance of the title to the
property, for, by the deed, title passed, and the mere
return of the deed and cancelation of the record
would not reconvey the title to the company ; but,
even if it would do so, still the fact remained that the
land had been sold, and it was upon the happening of
this event that the company was to become liable for
the payment of the $322.    We think that the court
was right in excluding this offer of proof, for it did
not tend to contradict the evidence of the plaintiff as
to the matter of the sale of the land.

Finding no error in the record, we affirm the judg-
ment of the court below.

DOSTER, C. J., POLLOCK, J., concurring.