## PETIT v. WESTERN COAL & MIN. CO.

(Circuit Court, W. D. Arkansas, Ft. Smith Division. June 26, 1903.)

1. COSTS—DISMISSAL ON PLEA PUIS DARREIN CONTINUANCE—PLEADING.

　　A dismissal on pleading a defense in the nature of a plea puis darrein continuance, although set up by answer in accordance with the state Code of Procedure, carries with it the right to the plaintiff to recover the costs accruing up to the time the pleading was filed.

Winchester & Martin, for the plaintiff.
Ira D. Oglesby, for the defendant.

ROGERS, District Judge. This suit was originally brought in the state court against the St. Louis, Iron Mountain & Southern Railway Company and the defendant for a joint trespass to land. On the trial of the case the plaintiff dismissed as to the St. Louis, Iron Mountain & Southern Railway Company, on the ruling of the court that the road was a citizen of Arkansas, and therefore that the court was without jurisdiction. The case then proceeded, resulting in a verdict for the plaintiff against the Western Coal & Mining Company, which was afterwards set aside, and a new trial awarded. After this was done, the plaintiff brought a suit for the same trespass in the state court against the St. Louis, Iron Mountain & Southern Railway Company, and recovered a verdict against that company, upon which a judgment was rendered, and afterwards satisfied in full. After this was done, to wit, on June 16, 1902, the defendant in this case filed an amended answer, in which it set up, in addition to the other defenses, the recovery of the judgment in the state court against the St. Louis, Iron Mountain & Southern Railway Company for the same trespass, and its satisfaction in full. This defense was conceded to be true, and to be good; but plaintiff contends that it has the right to a judgment for costs accruing up to the filing of the amended answer referred to, and this is the only question presented for the consideration of the court.

It should be stated that under the procedure at law in this state pleas in bar and in abatement are abolished. All defenses are set up in the answer, each defense being set up in separate paragraphs and numbered. The defense referred to is pleaded in that way. The defense is, however, in the nature of a plea puis darrein continuance. In cases where that plea is relied on, the rule is almost without exception—well-nigh universal—that the defendant must pay the costs accruing up to the time he filed his plea. There is no reason why the rule should be changed because the defense is pleaded under the code procedure in the answer. A careful examination of the textwriters and the adjudged cases has not discovered any authority to the contrary. It is the rule in England as well as America. "A good plea puis darrein continuance admits that the plaintiff had a good cause of action, and, though successful upon it, the defendant must pay the costs incurred up to the time of filing it." Enc. Pl. & Pr. vol. 5, 132; Campbell v. Reeves, 3 Sneed, 52; Hitt v. Lacey, 3 Ala. 304, 36 Am. Dec. 440; Dolberry v. Trice's Ex'r, 49 Ala. 207; Nettles v. Sweazea, 2 Mo. 100; Warland v. Colwell, 10 R. I. 369; Kimball v. Wilson, 3 N. H. 96, 14 Am. Dec. 342; New York Dry Dock Co. v. McIntosh, 5 Hill, 505; Cannon v. Blakemore, 10 Humph. 227; Reid v. Hart, 45 Ark. 41; Ex parte Foster, 2 Story, 131, Fed. Cas. No. 4,960; Shawe v. Wilmerden, 2 Caines, 380; Wilson v. Pharr, 47 N. C. 451; State v. Moses, 20 S. C. 465; Coffin v. Cottle, 9 Pick. 287; Woollen v. Smith, 9 Ad. & El. 509, 36 E. C. L. 180; Jeffs v. Smith, 4 Taunton, 196. The reason for the rule is this: "By the plea [puis darrein continuance] the defendant admits that the action was well founded at the first, and he ought not to have the costs which accrued while the plaintiff was in the right and he in the wrong." Lyttleton v. Cross, 4 B. & C. 117, 10 E. C. L. 285; Wisdom v. Williams, Hempst. 460, Fed. Cas. No. 17,904; Smith v. Barse, 2 Hill, 387.

The plaintiff having elected to discontinue his case, the same will be dismissed, and judgment rendered against the defendant for costs accruing up to the 16th of June, 1902, the day the defense of puis darrein continuance was filed. The costs accruing thereafter must be paid by the plaintiff.