CITY OF WATERVILLE v. HUGHAN & McDOWALL.

EVIDENCE; WRITTEN INSTRUMENT; *When Error to Admit Copy.* It is error for a court, on the trial of a case, to permit *a copy* of an instrument in writing to be introduced in evidence, unless it is also shown that the original is lost or destroyed, or placed beyond the reach of the party introducing the evidence. Where the verdict of the jury and the judgment of the court are founded upon such evidence, the error is material and substantial.

*Error from Marshall District Court.*

ACTION by *Alex. Hughan* and *John McDowall,* as partners, who had judgment at the August Term 1875. The *City of*
31—18 KAS.

*Waterville,* defendant, brings the case here. All the facts and proceedings are stated in the opinion.

*B. P. Waggener,* for plaintiff in error.

*J. W. English,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Hughan & McDowall against the city of Waterville, for work, labor and materials furnished by them to the city upon a certain written contract entered into between the parties for the construction of a certain dam on the defendant's land across the Little Blue river. The plaintiffs allege in their petition, among other things, that they constructed said dam in accordance with said contract, and that the value of their labor and materials furnished amounted according to the contract to the sum of $7,871.85; that at sundry times the defendant paid them for such labor and materials various sums, amounting in the aggregate to the sum of $4,493, and that there still remains due from the defendant to the plaintiffs the sum of $3,378.85; that for this sum the defendant, through its mayor and clerk, gave to the plaintiffs a certain paper in effect a due-bill, which sum still remains due and unpaid, and for which with interest the plaintiffs ask judgment. The defendant answered to this petition, putting in issue substantially all the allegations of the petition except those setting forth said payments made by the defendant to the plaintiffs, and setting forth substantially that said dam was a mill-dam, and that said contract was *ultra vires,* illegal, and void, and therefore that the defendant was under no legal obligation to pay the plaintiffs for the construction of said dam, etc. The allegations of the answer putting in issue the execution of said due-bill were duly verified by affidavit. The plaintiffs replied to said answer, denying generally all the allegations of new matter contained in the answer. A trial was had before the court and a jury.

On the trial the plaintiffs introduced in evidence *a copy* of

said due-bill, and did not introduce the original in evidence. This was allowed to be done over the objections of the defendant; and in this we think the court below erred. It was shown on the trial that the original due-bill, after it was signed by the mayor and clerk, was handed to the plaintiff McDowall. And there was no legal evidence showing that it was ever destroyed, or lost, or ever went into the hands of any other person. The other plaintiff, Hughan, testified on the trial however, that McDowall told him (Hughan) that he (McDowall) gave said due-bill, along with the other papers in the case, to their attorney, H. P. Cooper. Cooper was the attorney who commenced this action for the plaintiffs. There was nothing further shown with reference to said due-bill. There was no attempt made to ascertain whether Cooper still had it, or not. This case was tried in Marshall county. McDowall was at the time of the trial in Chase county; and Cooper was in Washington county, about twenty-seven miles distant from the place of trial. Said copy of said due-bill showed that the plaintiffs had done 692 5-27 yards of masonry at $10 per yard, and 100 yards at $9.50 per yard, amounting in the aggregate to $7,871.85, and that $4,493 of that amount had been paid, leaving $3,378.85 still due to the plaintiffs. This due-bill was the only evidence introduced on the trial showing that the plaintiffs did the amount of work which they claimed to have done, and the only evidence showing the value of the work which they actually did do. The only other evidence upon this subject was the testimony of two witnesses, one of whom testified, that "There was over 600 yards of work done on the contract;" and the other testified, that, "As near as I can remember, about 200 yards" of work was done under the contract. This was all the evidence introduced with respect to the amount and value of the work done.

The court below instructed the jury in substance, to find for the plaintiffs for the full amount of their claim; and so the jury found — finding in favor of the plaintiffs and against the defendant for $3,792.24, and the court rendered judgment

in accordance with this verdict. A motion in arrest of judgment, and a motion for a new trial, were made by the defendant, each setting up various grounds, and each was overruled by the court.

We think it will appear from the foregoing statement of the case, that the court below erred in permitting said copy of said due-bill to be introduced in evidence, and that the error was material and substantial. There was no showing that the original was lost or destroyed, or placed beyond the reach of the plaintiffs. On the contrary, it was traced to one of the plaintiffs by competent and legal testimony, and to an attorney of the plaintiffs by incompetent testimony; and there the evidence leaves it. And without the evidence furnished by said copy of said due-bill, no such judgment could have been rendered upon the evidence as was rendered. Instead of showing that there were 792 5-27 yards of work done, as said copy of said due-bill did, the other evidence showed that there were only "over 600 yards," or "about 200 yards," done; and instead of showing that said work was worth from $9.50 per yard to $10 per yard, as said copy of said due-bill did, the other evidence was wholly silent upon the subject.

The judgment of the court below will be reversed, and cause remanded for a new trial.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.