## THE CENTRAL BRANCH UNION PACIFIC RAILROAD CO. v. J. C. BUTMAN.

1. RAILROAD STOCK-LAW OF 1874; *Demand, How Made; No Error, When.* Under the act of 1874, "relating to killing or wounding stock by railroads," (Comp. Laws of 1879, pages 784, 785,) a demand must be made .of the railroad company for the value of the stock killed, or for damages for injuries thereto, but this demand "may be made of any ticket agent or station agent of such railway company," (§ 3 of said act,) and the demand may be made orally, and not in writing. Hence, when such a demand is made, what the agent says at the time concerning the matter may be given in evidence against the railroad company, in an action brought by the owner of the stock against the railroad company for injuries done by the company to his stock. The agent's statements, made at such time and concerning such matter, are admissions within the scope of his authority, and a part of the *res gestæ.* And on the trial of the case, where a proper oral demand is first proved, and no evidence is at any time introduced tending to disprove the same, it is not material error for the court to permit the plaintiff to show by incompetent evidence that a written demand was also made.

2. —————— *Evidence; Immaterial Error.* A written demand, containing evidence showing what the cow (for injuries to which this suit was brought) was appraised at, was introduced in evidence by the plaintiff on the trial. This evidence concerning the appraisement was incompetent; but each of the appraisers was afterward introduced as a witness, and testified that the cow was worth $30, just the amount at which said written demand showed that the appraisers had formerly appraised her; and all the other evidence introduced in the case upon this subject tended to show that the cow was worth that amount. *Held,* That no material error was committed by the introduction of said incompetent evidence, as said incompetent evidence was not substantially prejudicial to the rights of the defendant.

3. —————— *Evidence; Facts Showing no Error.* Two letters of W. F. D., general superintendent of the defendant railroad company, were introduced and read in evidence, over general objections of incompetency, irrelevancy and immateriality. The subject-matter of these letters was within the general scope of the superintendent's authority, and the contents thereof were principally admissions of facts, and not merely offers to compromise. *Held,* That although a mere offer to compromise is not proper evidence; yet, that an admission of a fact is, and that these letters were properly introduced in evidence.

4. —————— *Testimony Properly Introduced.* A witness was permitted to testify, that he "looked about and saw hair on the ties; the first tie had a lot of hair on it, and the second one not so much, and so on," as indicating that the injured cow had been pushed along the railroad track by the company's engine. *Held,* Not error.

## *Error from Atchison District Court.*

ACTION, under chapter 94, Laws of 1874, brought by *Butman* against the *Railroad Company,* to recover $30 damages for killing a cow belonging to the plaintiff. Trial at the June Term, 1878, of the district court, and judgment for *Butman* for $29.16 damages, $25 as attorney's fee, and for costs. The *Railroad Company* brings the case here.

*D. Martin,* and *Everest & Waggener,* for plaintiff in error.
*Cochran & Heath,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only grounds urged for reversal in this case are, that the plaintiff below (defendant in error) was

permitted on the trial in the court below to introduce improper evidence, and that all the evidence taken together did not prove the plaintiff's cause of action.

It would be an inexcusable waste of time for us to comment at length upon the several points made by counsel for plaintiff in error (defendant below); hence, we shall do nothing more than merely to refer to them, and decide them. Under the act of 1874, "relating to killing or wounding stock by railroads," (Comp. Laws of 1879, pp. 784, 785,) a demand must be made of the railroad company for the value of the stock killed, or for damages for injuries thereto; but this demand "may be made of any ticket agent or station agent of such railway company," (§ 3 of said act,) and the demand may be made orally, and not in writing. Hence, when such a demand is made, what the agent says at the time concerning the matter may be given in evidence against the railroad company, in an action brought by the owner of the stock against the railroad company for injuries done by the company to his stock. The agent's statements made at such a time, and concerning such matter, are admissions within the scope of his authority, and are a part of the res gestœ; and on the trial of the case, where a proper oral demand is first proved, and no evidence is at any time introduced tending to disprove the same, it is not material error for the court to permit the plaintiff to show by incompetent evidence that a written demand was also made. We therefore do not think that the court below materially erred with respect to admitting evidence concerning a demand, and what was said at the time.

The evidence introduced on the trial, showing what Beller said, was irrelevant and incompetent, but we do not think that it could have prejudiced the substantial rights of the defendant below, and hence it was immaterial. The evidence contained in said written demand concerning the appraisement of the cow (for the injuries to which this suit was brought), we suppose was incompetent. But still, each of

41 — 22 KAS.

the appraisers was afterward introduced as a witness, and testified that the cow was worth $30 — just the amount at which said written demand showed that the appraisers had formerly appraised her; and all the other evidence introduced in the case upon that subject tended to show that the cow was worth that amount. Hence, we do not think that any material error was committed, as said evidence was not substantially prejudicial to the defendant's rights.

We do not think that the court below erred in permitting the letters of W. F. Downs, the general superintendent of the railroad company, to be introduced and read in evidence. They were objected to generally for incompetency, irrelevancy, and immateriality. The subject-matter thereof was within the general scope of the superintendent's authority; and the contents thereof were principally admissions of facts, and were not merely offers to compromise. Of course it is improper to introduce in evidence a mere offer to compromise; but admissions of facts may be so introduced. And therefore these letters were properly admitted.

The court below did not err in permitting a witness to testify that he "looked about and saw hair on the ties; the first tie had a lot of hair on it, and the second one not so much, and so on," as indicating that the injured cow had been pushed along the railroad track by the company's engine. Such was proper evidence.

We think there was sufficient evidence to authorize the court below and the jury to find that the plaintiff's cause of action was proved.

Not perceiving any substantial error committed by the court below, the judgment of the court below will be affirmed.

All the Justices concurring.