THE CENTRAL BRANCH UNION PACIFIC RLD. CO. v. ALANSON WALTERS.

1. WRITTEN DEMAND —*Copy of, Erroneously Admitted.* In an action under the railroad stock-killing law of 1874, (Comp. Laws of 1879, p. 784,) it was shown that the demand, alleged to have been made by the plaintiff of the railroad company for the value of the stock alleged to have been killed, was made in writing, and only in writing. This demand was proved on the trial of the case, only by the introduction in evidence of

a copy of the written demand; and this was done over the objections of the defendant, but by the permission of the court, without any foundation for the introduction of secondary evidence having first been laid. *Held*, Error.

2. ACTION FOR DAMAGES; *Negligence; Counter-claim; Practice.* In this same action, the defendant railroad company alleged in the third defense of its answer, by way of counter-claim, that the plaintiff's said stock was knowingly and intentionally permitted to run at large, and on the defendant's premises, in violation of the herd law of the state, (Comp. Laws of 1879, p. 933, *et seq.*,) whereby the defendant's train was wrecked, and great damage was thereby done to the defendant. The defendant did not admit that it was itself guilty of any fault or negligence, its pleadings did not show that it was, and it denied in its answer all allegations of the plaintiff charging it with fault or negligence. *Held*, That said third defense was not defective merely because it failed to allege that the defendant was itself free from all fault and negligence. The defendant's fault or negligence is matter to be shown by the other party.

### *Error from Cloud District Court.*

ACTION under the railroad stock law, brought by *Walters* against the *Railroad Company*, to recover damages for killing five horses and wounding another—all belonging to the plaintiff. Trial at the October Term, 1879, of the district court, and judgment for the plaintiff. The *Railroad Company* brings the case to this court. The opinion states the facts.

*Everest & Waggener*, for plaintiff in error :

It was error to permit to be read in evidence a copy of the demand on the railroad company, for it was not the best evidence of the fact sought to be proven, and no proper foundation had been laid for the introduction of secondary evidence. (4 Kas. 187; 5 id. 118; 15 id. 236; 18 id. 473.)

The court below erred in refusing to receive any evidence to sustain the allegations of the third count of defendant's answer. It must be admitted that if the defendant had brought an original action against the plaintiff to recover damages sustained by reason of the matters and things set forth in the third count of its answer, and had alleged in its petition only what is set forth in this answer, that such peti-

tion would state a cause of action; and if supported by competent proof, it would be entitled to a judgment under the civil code of this state. ( 2 Metc. [Ky.] 339.)

The railroad company, in the trial, offered to show that there was a herd law, requiring the plaintiff not to permit his stock to run at large; that, in violation of that law, he negligently and carelessly permitted the stock to run at large, and go upon the railroad track, thereby obstructing the defendant's trains; and that, by reason of the carelessness and negligence of the plaintiff in permitting his stock to go upon the track, the railroad company had been damaged in the sum of $5,000. This was objected to by the plaintiff, unless the defendant would amend its answer alleging that its railroad was fenced according to law, and that there was no negligence on its part, which the railroad company declined to do; and the court sustained the objection, and all evidence under the third count of defendant's answer was excluded. The conditions of plaintiff's objection were novel, to say the least. The answer contained a general denial, which put in issue the allegations in the petition, that the road was not fenced. That the railroad company might recover in its counter-claim, it was not necessary for it to allege and prove that it had not been guilty of any negligence; because the negligence of the defendant was a defense for the plaintiff as against the defendant in attempting to enforce its counter-claim.

The court below should have given instructions Nos. 2 and 3, asked for by the defendant. They stated the law under the pleadings in the case, when it was conceded that the herd law was in force in the county of Cloud, and the evidence had established the fact that plaintiff's animals had not been restrained from running at large, and from getting upon the defendant's track; and then the question as to plaintiff's conduct in not restraining his animals from getting upon the track, ceased to be a question of fact for the jury, and became exclusively a question of law for the court.

Instruction No. 4, asked for by defendant, should have

been given. Defendant's right of way extended into a public highway that was open for travel. Here was a superior obligation prohibiting a fence. (20 Kas. 529.)

The court erred in its general charge to the jury. Upon the conceded facts of the case, the question of plaintiff's negligence was not a question of fact for the jury, or a mixed question of law and fact, but was solely a question of law for the court. In an action of the nature of the one at bar, can the plaintiff excuse himself from a non-compliance with a statutory requirement by showing that he exercised reasonable diligence to comply with it? It seems that the court below took the position that the stock was not running "at large" if it was being watched by some person. (15 Minn. 367; 10 Metc. [Mass.] 382; 26 Vt. 638.)

*L. J. Crans,* for defendant in error:

To assign as error the permission given to read in evidence the copy of the demand on the railroad company, raises a question not in the case. The question was, not whether an effort was being made to prove by secondary evidence the contents of a paper whose non-production or non-existence had not been accounted for, but it was to show that at thirty days prior to the commencement of the action a demand had been made. (Laws 1874, ch. 94, § 2.) It is immaterial how the demand is made. (22 Kas. 639.)

The third count of defendant's answer does not state a cause of action in favor of the railroad company and against the plaintiff below. (16 Kas. 239; Pomeroy's Remedies, § 379.) It failed to set up a cause of defense, because it did not allege that there was no negligence on the part of the defendant, and it was also open to the objection that the damages were the remote and not the proximate result of cattle straying upon the track. If, then, this counter-claim failed to aver all necessary facts, there was no error in refusing to receive evidence under it—certainly not after defendant had refused to amend. (41 Mo. 271; 42 id. 193, 198.)

Instructions 2 and 3, asked by the defendant, were not applicable. The law respecting stock running at large was fully and correctly covered by the general charge. Instruction No. 4, asked by the defendant, was not applicable—is not the law. There was not a superior obligation forbidding to fence, as in *Rld. Co. v. Jones*, 20 Kas. 529. The defendant can occupy a highway, as it did under the admissions in this case, only by restoring the highway to its original usefulness.

The general charge to the jury is a correct enunciation of the law in this case. The question of negligence on the part of the defendant below was not involved. (Laws 1874, ch. 94, §1.) Whether or not there was negligence on the part of the plaintiff below, or whether a violation of duty on his part, contributed to the alleged injury, were questions properly submitted to the jury. Had the railroad been fenced, it was incumbent on our part to allege and prove negligence of the company. The railroad not being fenced, the company was responsible, unless plaintiff's negligence, or fault, contributed to that of which we complain. These were questions of fact, and not of law. Where cattle are destroyed for want of cattle-guards to a railroad, which the company are under obligations to build, the jury may find whether the owner was ordinarily careful not to let them run at large. (27 Conn. 483.) If the question of negligence is connected with a disputed state of facts, or from which, if not disputed, different minds may honestly draw different conclusions, the whole matter must be left to the jury. (17 Mich. 120; 10 Allen, 189; 4 Wait's Actions and Defences, title, *Negligence*, §17.)

The words "at large" are to be construed differently under different enactments, where, as in 10 Metc. 382, the ordinance was for the protection of the community from mischievous and dangerous animals; or, as has been held in some cases, where the males of certain animals are required to be restrained, the construction put upon those words by the argument of the counsel for the plaintiff in error, is correct; but

no such construction can be maintained under the herd law. ( 2 N. W. Rep. 115.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action under the railroad stock-killing law of 1874. ( Comp. Laws of 1879, p. 784.) The railroad company was charged with killing five horses and wounding another ( geldings and mares), belonging to the plaintiff below, defendant in error, Alanson Walters. Judgment was rendered in the court below in favor of the plaintiff and against the defendant, the railroad company, for $550 damages, $50 attorney's fees, and costs; and the railroad company now brings the case to this court for review.

Many questions are raised in this court, but we do not think that it is necessary to decide more than one or two of them. The first is, with reference to the proof of the demand alleged to have been made by the plaintiff of the railroad company for the value of the stock alleged to have been killed and wounded. That such a demand is necessary—an essential prerequisite to enable the plaintiff to recover—see *K. P. Rly. Co. v. Ball*, 19 Kas. 535; *C. B. U. P. Rld. Co. v. Butman*, 22 Kas. 639. The demand may be made by parol or otherwise, (see last case cited); but, in whatever way it is made, it must be proved by competent evidence, (see first case above cited.) In the present case, the demand was made in writing and only in writing; and whether this writing was properly proved or not, is the real question now presented for our consideration. That such writing (if it was a demand, as is claimed by the plaintiff,) was served on the proper person and at the proper time, seems to be admitted by the defendant; but it is claimed by the defendant that it was not shown by any competent evidence to have been a demand. The defendant claims that its contents were proved by secondary evidence only, without any proper foundation having been laid therefor. We think the defendant is correct. The writing claimed to have been a demand was proved by the introduction of a paper in evidence, which a witness testified was

like the original paper claimed to have been a demand. The witness also testified that the two papers were "exactly alike." No attempt was made to account for the non-production of the original paper, and no notice of any kind was ever given to or served upon the defendant, or any of its agents or employés to produce it, or to give, or to permit to be taken, a copy thereof. The original and the copy were probably drawn up at the same time, but there is nothing in the case tending to show that any agent or employé of the defendant ever saw or had any knowledge of the existence of the copy, until it was introduced in evidence on the trial of this case. The copy was introduced in evidence over the objections and exceptions of the defendant; and in permitting it to be so introduced, we think the court below erred. (*Guthrie v. Merrill,* 4 Kas. 187; *Johnson v. Mathews,* 5 Kas. 118; *Shaw v. Mason,* 10 Kas. 184; *Grant v. Pendery,* 15 Kas. 236; *Shepard v. Pratt,* 16 Kas, 209; *City of Waterville v. Hughan,* 18 Kas. 473; *Brock v. Cottingham,* 23 Kas. 383.)

We are also inclined to think that the court below erred. in refusing to permit the defendant to prove the third defense set up in its answer. This defense was a counter-claim, in which the defendant alleged that said horses were knowingly and intentionally permitted to run at large, and on the defendant's premises, in violation of the herd law of the state, (Comp. Laws of 1879, p. 933, *et seq.,*) whereby the defendant's train was wrecked, and great damage was thereby done to the defendant. We understand that the court below refused to permit this counter-claim to be proved, on the ground that the defendant had not alleged that it itself was free from all fault or negligence. Now the defendant did not admit that it was guilty of any fault or negligence, its pleadings did not show that it was, and it denied in its answer all the allegations of the plaintiff charging it with fault or negligence. And the defendant's fault or negligence is matter to be shown by the other party. Upon this subject, (that is, allegations denying contributory negligence,) see *K. P. Rly. Co. v. Pointer,* 14 Kas. 38, 50, 51; *Gibson v. City of Wyandotte,* 20 Kas. 156, 158.

With reference to the other questions raised in this case, we do not wish to express any decided opinion, as we do not think it is necessary. We might say, however, that from the case as it is now presented, we could hardly say that the court below committed any material error with regard to such questions.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.