The opinion of the court was delivered by
Horton, C. J.:
It is contended on the part of the plaintiff in error that the court below ought to have overruled the demurrer to the first count or cause of action set forth in the .amended petition filed on February 2,1881. The argument is, that the plaintiff was entitled to a rescission of the contract for a conveyance of the real estate in controversy under the facts alleged in such amended petition. It is said that so long as the right to'specific performance exists in the one party to the contract, the other party possesses the right to have specific performance, or else to have the contract rescinded and declared forfeited; that the rights of the parties are reciprocal. Courtney v. Woodworth, 9 Kas. 443, is cited as an authority that the plaintiff had the right to commence his action to ask the court to rescind the contract. It is true that in the latter case it was stated that where a purchaser holding under a title bond fails or refuses to.pay the purchase-money when due, and fails to pay the same for a long time thereafter, and after being frequently requested to pay the same, the vendor may, where the equities are sufficient, seek relief by an action to rescind the contract and recover possession. But the case presented does not fall within the rule. It is a general doctrine of equity, that specific performance will not be decreed in favor of a plaintiff who has been guilty of laches, *497 either in performing his part of the contract, or in applying to the court for relief.
The plaintiff has neglected for a great length of time to assert any right under the contract or upon the notes executed thereunder. No adequate excuse for the delay has been presented, and such delay has been so long as to charge the plaintiff with gross negligence'in seeking relief. The balance of the purchase-money for the land was due according to the dates of the promissory notes more than eleven years before the commencement of this action. Of course, under the statute of limitation, any action on the notes was therefore barred many years before the plaintiff saw fit to institute his suit. It is conceded that no judgment could have been rendered on the notes. The delay is a bar to plaintiff’s action for any specific performance as vendor. As time was not of the essence of the contract or the agreement between the parties, and as the ancestor of defendants was let into possession and plaintiff deferred any action until, after the notes given to pay the balance of the purchase-money had long been barred by the statute of limitations, we do not perceive that possession of the premises can be recovered on the ground that the contract had been forfeited. In O’Neill v. Martin, 26 Kas. 494, the matter of delay or laches was not presented or noticed. This leaves for determination the question whether plaintiff was entitled to maintain his action of ejectment by virtue of the tax deed executed to Flint and recorded November 22, 1877, aided by the quitclaim deed from Flint to plaintiff executed the 22d day of October, 1879. But for the action commenced by Flint on the 22d day of September, 18.79, the plaintiff would clearly be out of time to claim anything under his tax purchase, as his action was not commenced until the 4th day of January, 1881, more than two years after the date of the recording of the tax deed. (Subdiv. 3, § 16, art. 3 of the code.) Said subdivision was not repealed by §141, ch. 34, Laws of 1.876, which took effect on March 11,1876. The two-years statute of limitation mentioned in said subdivision applies to a party out of possession and seeking to recover upon the strength of *498 a tax title. Such a party must-bring his action for the recovery of the real property sold for taxes within two years after the date of the recording of the tax deed. Sec. 141 of ch. 34, Laws 1876, applies to any suit or proceedings against the tax purchaser, his heirs or assigns, for the recovery of land sold for taxes, or to defeat or avoid a sale or conveyance of land for taxes. Under said section, the owner- of the fee out of possession may commence his action against the tax purchaser at any time within five years from the time of recording the tax deed. However, as Flint dismissed his action on the 6th day of September, 1880, he failed in such action otherwise than upon its merits, and he had the right to commence a new action within one year after the dismissal. Under the authority of Shively v. Beeson, 24 Kas. 352, as Flint could have sued within one year after the dismissal, his assignee, the plaintiff, had the same right. Counsel for defendants claim that plaintiff could have commenced his action only within one-year from the time he obtained his deed, which was October 22, 1879, and insist as a reason for this, that plaintiff could not have taken Flint’s place in the action because he could not sue himself. The fact is, the plaintiff was merely a nominal party in the action of Flint v. Thornburgh, and could have been substituted in the place of plaintiff as against Melinda Ballinger, and the case could then have been carried on in the court below as between plaintiff and said Ballinger.. By the conveyance to Flint, and from Flint to plaintiff, the-plaintiff obtained an assignment and transfer of all the rights of Flint in the premises, and thereafter he stood in his shoes. He might have been substituted as plaintiff, and as the action of Flint failed otherwise than upon its merits, plaintiff, as assignee of Flint, had the same right as Flint to commence a new action within one year after the dismissal.
There is nothing in the record to show that there was ever any settlement between Flint and Mrs. Ballinger, or that the action of Flint was settled by any compromise or agreement with Mrs. Ballinger, and the intimation made that Flint and Mrs. Ballinger settled with each other is not sustained.
*499 The court below seems to have tried the ejectment proceeding upon the theory that plaintiff was barred by the two-years statute of limitation from recovering the real estate; or if the tax title was invalid, from recovering the amount due thereon, together with interest, penalty and costs, as the tax deed and all evidence offered of the payment of taxes, and the proceedings attending the tax sale, were rejected. This view was erroneous on account of the provisions of § 23 of the code, and the arrangements between Flint and plaintiff. Subdivision 3 of §16 of the code is no bar to the suit of plaintiff.
Of course the action of the trial court in refusing to poll the jury when requested so to do by plaintiff was erroneous. A party entitled to a jury trial is entitled to have a verdict of a jury, unless a jury is waived. A judgment is not fo.unded upon a verdict' of the jury where' such verdict is rendered under the orders and directions of the court, and the party is not permitted to have the jury polled. (Maduska v. Thomas, 6 Kas. 153.)
The judgment of the district court will be reversed, and the case remanded with directions for further proceedings in accordance with the views herein expressed.
All the Justices concurring.