## F. D. WEST V. R. W. CAMERON.

1. TAX DEED, *Action to Set Aside — Tender of Taxes.* In an action of ejectment where it appears that the plaintiff is the owner of the property, and that the defendant holds the same under a void or voidable tax deed as in this case, the plaintiff's action cannot be defeated by a showing that the plaintiff has not tendered the amount of the taxes paid by the defendant on the land; and even in an equitable action brought by the owner of the land to set aside a tax deed thereon, where it is honestly believed and alleged by the plaintiff that the tax deed is void for the reason that the land was not subject to taxation at the time it was taxed, the action may be maintained without a previous tender of the taxes paid by the defendant on the land. The payment of the taxes may be adjusted when the decision is rendered.

2. ———— *Limitation of Action.* The owner of land has five years after a tax deed upon it has been recorded, within which to commence an action to set aside or to defeat or avoid the tax deed.

3. ———— *No Reply, When.* New matter set up in an answer which does not constitute a defense to the plaintiff's petition, does not require a reply.

4. ———— *Discretion of Court, Not Abused.* The opening of a case for the purpose of receiving further evidence, after the case has been tried but before any decision has been rendered therein, and the continuance of the case for such evidence, and the receiving of the same, are all within the judicial discretion of the trial court; and *held*, in the present case, that the supreme court cannot say that the court below abused its discretion.

5. EVIDENCE, *Best and Secondary; Record Copy of Deed, Error to Admit.* The admission in evidence on the application of the plaintiff of a record copy of a deed of conveyance, when it is admitted that the deed itself is in the possession and under the control of the plaintiff, is error, although the plaintiff may at the time be absent from the state and in New York, and have the deed in his possession at that place.

6. EJECTMENT—*Second Trial, Not Demanded.* In an action of eject-
ment where neither party asks for a second trial under § 599 of the
civil code, the court does not err in failing to grant a second trial
under that section.

7. ———— *Decision Sustained.* The decision of the court below with
regard to the taxability of certain land for the year 1877, sustained.

### *Error from Ellis District Court.*

EJECTMENT, by *Cameron* against *West* and another. Trial
by the court, at the November term, 1885, and judgment for
the plaintiff for the recovery of the land, and in favor of the
defendant for the recovery of the taxes. Both parties com-
plain — the defendant *West* filing a petition in error, and plain-
tiff *Cameron* filing a cross-petition in error here. The opinion
states the case.

*David Rathbone,* for plaintiff in error.

*W. P. Montgomery,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action in the nature of eject-
ment, and also to set aside a tax deed. It was brought in the
district court of Ellis county on March 4, 1884, by R. W.
Cameron against F. D. West and J. C. West for the recov-
ery of section 23, (640 acres,) in township 13, range 19, in
said county, and also to set aside a tax deed upon the land
executed to F. D. West by the county clerk of said county on
November 28, 1881, for the taxes of 1877. The taxes on
the land for that year were $59.80, and West at the date of
the tax deed paid for the tax-sale certificate and for the tax
deed the sum of $106.14. This tax deed was recorded on
November 29, 1881. The plaintiff below claims that the tax
deed is void for the reason that the land was not subject to
taxation for the year 1877, and also that it was not legally
assessed, nor legally advertised for sale, nor legally sold for
taxes. The case was tried by the court without a jury, and
judgment was rendered in favor of the plaintiff for the re-
covery of the land, and in favor of the defendant, F. D. West,

47 — 39 KAS.

for the recovery of the taxes; and both sides now complain, the defendant, F. D. West, filing a petition in error, and the plaintiff, Cameron, filing a cross-petition in error. The plaintiff in error, defendant below, now claims that the plaintiff below could not and cannot maintain his present action, and that the court below erred for the following reasons, to wit: 1. The plaintiff has at no time tendered the amount of the taxes paid by the defendant upon the land in controversy. 2. The tax deed is valid upon its face, and the statute of limitations has completely run in its favor. 3. The defendant's answer to the plaintiff's petition set up new matter, to which the plaintiff has never replied. 4. The court, after hearing the case and taking the same under advisement, erroneously, and on motion of the plaintiff, opened up the case for the purpose of receiving further evidence therein; and then erroneously granted the plaintiff a continuance for the purpose of receiving such evidence, and such evidence was so received. 5. The court, at the instance of the plaintiff, erred in admitting the records of the register of deeds in evidence to prove the execution, the existence and the contents of a deed of conveyance, which deed was shown to be in the possession and under the control of the plaintiff himself. 6. It is also claimed by the defendant below, that as this was an action of ejectment under § 595 of the civil code, the court erred in refusing a second trial under § 599 of the civil code.

The plaintiff below, defendant in error, by his cross-petition claims that the court below erred in requiring him to pay the taxes paid by the defendant below on the land.

We think the rulings of the court below with one exception are substantially correct.

I. In an action of ejectment where it appears that the plaintiff is the owner of the property, and that the defendant holds the same under a void or voidable tax deed, as in this case, the plaintiff's action cannot be defeated by showing that the plaintiff has not tendered the amount of the taxes paid by the defendant on the land; and even in an equitable action brought by the owner of the land to set aside a tax deed thereon, where

it is honestly believed and alleged by the plaintiff that the tax deed is void for the reason that the land was not subject to taxation at the time it was taxed, the action may be maintained without a previous tender of the taxes paid by the defendant on the land. (*Sapp v. Morrill,* 8 Kas. 677; *Corbin v. Young,* 24 id. 198, 202; *Millbank v. Ostertag,* 24 id. 462, 470, *et seq.;* *Shaw v. Kirkwood,* 24 id. 476; *Cartwright v. McFadden,* 24 id. 662; *McKeen v. Haxtun,* 25 id. 698; *Hoffman v. Groll,* 35 id. 652.) The payment of the taxes may be adjusted when the decision is rendered.

II. The owner of land has five years after a tax deed upon it has been recorded within which to commence an action to set aside or to defeat, or avoid the tax deed. (Tax Law, § 141; *Thornburgh v. Cole,* 27 Kas. 490; *Harris v. Curran,* 32 id. 580; *Hafey v. Bronson,* 33 id. 598; *Beebe v. Doster,* 36 id. 666.)

III. The new matter set up in the defendant's answer did not constitute a defense to the plaintiff's petition, and therefore did not require a reply. It was simply that the defendant had made valuable and lasting improvements on the land, and that the plaintiff had not tendered the taxes. These are matters to be adjusted after the decision upon the main question in the case.

IV. The opening up of the case for further evidence, and the continuance of the case for the same purpose, and the receiving of such evidence, were all within the judicial discretion of the trial court, and we cannot say that the trial court abused its discretion.

V. We are inclined to think that the court below erred in admitting in evidence the record copy of a deed from the Kansas Pacific Railway Company to the plaintiff for the land in controversy, which deed, it was admitted, was at the time in the possession and under the control of the plaintiff. (Conveyance Act, § 27; Civil Code, § 372; *City of Waterville v. Hughan,* 18 Kas. 473; *Shaw v. Mason,* 10 id. 184; *Williams v. Hill,* 16 id. 23. See also *Brock v. Cottingham,* 23 Kas. 383; *C. B. U. P. Rld. Co. v. Walters,* 24 id. 504, 510, and cases there

cited.) It is true that the plaintiff was at the time absent from the state and in New York, and had the deed in his possession at that place. But as it was a necessary link in the chain of his title — one of the muniments of his title — in fact the sole foundation upon which his specific title rested, he should have sent it to his attorney in Ellis county, in this state, so that it could have been introduced in evidence on the trial.

VI. Neither party asked for a second trial under § 599 of the civil code, and therefore the court did not err in failing to grant a second trial under that section. (*Anderson v. Kent*, 14 Kas. 207.)

VII. Under the evidence introduced on the trial and the presumptions in favor of the taxing officers and of the tax proceedings, we would think that the court below decided correctly that the land in controversy was taxable for the year 1877. The tax deed was held void for another and a sufficient reason.

For the error in admitting the record copy of the plaintiff's deed in evidence, the judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.