HOWARD HILLIS v. THE FIRST NATIONAL BANK OF CLYDE.

1. SET-OFF OF JUDGMENTS — *Garnishment.* While the power of the court to set off judgments may be exercised in a proper action or proceeding brought therefor, yet, if the judgments are in different courts, a plaintiff may resort to garnishee proceedings to satisfy a judgment obtained by him before a justice of the peace.

2. PRACTICE — *General Objection to Evidence.* If any portion of the evidence admitted upon the trial, objected to, is competent, the court is not compelled to exclude the whole, although a part is incompetent, upon a general objection or a motion to exclude all.

3. —————— *Directing Verdict.* Where all the material facts in the case are uncontradicted, and the plaintiff is entitled to a verdict thereon, the court may properly direct a verdict in his favor.

*Error from Cloud District Court.*

ON March 14, 1889, the First National Bank of Clyde recovered, before a justice of the peace of Cloud county, a judgment against George L. Parkhurst, for $240.66 debt, and $13.45 costs, the judgment bearing interest. An execution was issued thereon and returned unsatisfied. Affidavit for garnishment, under § 155 of the justices' act, was filed, and garnishee summons was issued to Howard Hillis, which was duly served on him. At the time Hillis — the attorney of George L. Parkurst—was served, he had in his possession $1,500, which had been paid to him upon a judgment theretofore rendered in favor of Parkhurst against the bank. Hillis failed to appear in answer to the garnishee summons. The bank then brought its action against him before the justice of the peace, under § 43 of the justices' act. Hillis appeared, but made no defense. At the trial, he admitted to the justice that at the time he was served with garnishee summons he had in his possession the $1,500. Judgment was rendered against Hillis in favor of the bank, and he appealed to the district court. On the 23d of September, 1890, judgment was rendered in the district court in favor of the bank and against Howard Hillis for $296.84, with costs. Hillis excepted, and brings the case here.

*Kennett, Peck & Matson,* for plaintiff, in error.

*Pulsifer & Alexander,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: At the time that the First National Bank of Clyde paid to Howard Hillis the $1,500 upon the judgment which Parkhurst held against the bank, Parkhurst's attorneys had a lien thereon amounting to $750. The bank, to protect itself against this lien, paid the amount of the judgment to Hillis, as the attorney of Parkhurst. The balance

of the money, after deducting the attorney's lien, was the property of Parkhurst, and was in the possession of Hillis for Parkhurst. The material facts in this case are not disputed.

I. It is insisted that the regular mode of procedure would have been to have offset the bank's judgment against Parkhurst's judgment to the extent of the former's judgment against the latter's. This might have been done by proper action instituted therefor. (*Turner v. Crawford,* 14 Kas. 499; *Herman v. Miller,* 17 id. 328.) But we do not think the bank was limited to this mode of procedure.

II. There was an attempt upon the trial to show that the bank had, prior to its judgment, sold property belonging to Parkhurst sufficient to satisfy its judgment; but, in the action brought by the bank against Parkhurst, he expressly disclaimed having any offset against the bank. It also appears from the record that F. C. Parkhurst and others recovered a judgment against the bank for the same property which it is now claimed belonged to George L. Parkhurst.

III. It is further insisted that the trial court committed error in admitting evidence as to the contents of the written notice of the attorney's lien. As a portion of the evidence objected to was competent, we cannot say that the trial court was compelled to sustain the objection, or the motion to strike out all the evidence. (*Gano v. Wells,* 36 Kas. 688.) Further, Park B. Pulsifer testified that Hillis stated to him the attorney's lien was $750, but he was afraid it would have to be cut down. This evidence having been received without objection, the error assigned concerning the contents of the written notice of the lien was immaterial.

IV. Hillis requested the court to instruct the jury to return a verdict in his favor. This request was refused, and the court directed the jury to return a verdict for the bank. All the material facts being undisputed, we think there was no material error in the instruction of the court or the judgment rendered. (*McCormick v. Holmes,* 41 Kas. 265.) The judgment will be affirmed.

All the Justices concurring.