### G. C. BOWMAN & CO. v. WHEATON & LUHRS.
#### No. 54.

VERDICT—*When Court May Direct, When not.* Where, in an action triable by jury only, unless a jury trial be waived, all the material facts in a case are uncontroverted, and the plaintiffs are entitled to a verdict thereon, it is not error for the court to direct the jury to return a verdict in favor of the plaintiffs; but where, in such case, the proper form of verdict in favor of the plaintiffs is prepared by the court, and under its directions is signed by the foreman, and upon a poll of the jury two of the jurors announce that such is not their verdict, it is error for the court to receive such pretended verdict, discharge the jury, and thereafter to render judgment in favor of the plaintiffs.

MEMORANDUM.—Error from Cloud district court ; F. W. STURGES, judge. Action by Wheaton & Luhrs against G. C. Bowman & Co. Judgment for plaintiffs. The defendants bring the case to this court.

Reversed. The opinion herein, filed April 3, 1896, states the case.

*Pulsifer & Alexander*, for plaintiffs in error.
*Kennett, Peck & Matson*, for defendants in error.

The opinion of the court was delivered by

CLARK, J. : This is an action brought in the district court of Cloud county to recover from G. C. Bowman & Co. a sum of money advanced to them by Wheaton & Luhrs, as commission merchants, in excess of the amount alleged to have been realized by the plaintiffs from the sale of a shipment of eggs consigned to them by the defendants. An answer under oath was filed, in which the correctness of the account of sales as set forth in an exhibit attached to the petition was denied, alleging that the plaintiffs were negligent in the sale of the eggs ; that they sold them at less than the market price, and denying all liability to the plaintiffs. To this answer the plaintiffs replied by a general denial. The case was tried before a jury, evidence being introduced by both parties. At the close of the evidence the court, over the objection of the defendants, instructed the jury that there was no dispute as to the amount realized from the sales, it being the difference between the amount advanced to the defendants and the amount claimed to be due as set forth in the petition, and that, unless the plaintiffs were negligent in not using reasonable care and diligence in handling and selling the eggs, they were entitled to recover the amount sued for ; that there was not sufficient evidence upon which to base a finding of negligence in that respect, and therefore that there was nothing for the jury to consider ; and directed them to retire and select one of their number foreman,

and have him sign the verdict which the court had prepared, being a finding in favor of the plaintiffs for the full amount claimed by them in their petition, to which instructions the defendants duly excepted. The jury retired, and thereafter returned into court the verdict so prepared, signed by their foreman. The defendants duly demanded that the jury be polled, when, in answer to the question as to whether such was their verdict, two of the jurors responded ''No''; and thereupon, over the objection of the defendants, the said verdict so prepared and signed was received and filed, and the jury were discharged from the further consideration of the case. A motion for a new trial was in due time filed and thereafter overruled, and judgment was rendered in favor of the plaintiffs for the full amount claimed by them. The defendants duly excepted to the several rulings of the court, of which complaint is made, and seek a reversal of the judgment.

It is first contended that the court erred in directing a verdict in favor of the plaintiffs; but, as counsel have not in their printed brief shown wherein the court erred in giving the instructions complained of, nor directed our attention to the pages of the lengthy record in which the evidence may be found tending to question in any manner the correctness of the account of sales as testified to by plaintiffs, or as tending in any manner to establish the negligence alleged in the answer, we think this court may rightfully assume that all the material facts in the case were uncontradicted, and that the plaintiffs were entitled to a verdict thereon. If such were the case, the court did not err in directing a verdict in their favor. (*Hillis v. National Bank*, 54 Kan. 421.)

But, even admitting that the court properly directed
a verdict, the plaintiffs in error contend that the court
erred in receiving the pretended verdict as a lawful
one after two of the jurors had announced in open
court, before its reception, that it was not their ver-
dict, and thereafter discharging the jury and render-
ing judgment in favor of the plaintiffs. Section 5 of
the bill of rights provides that "the right of trial by
jury shall be inviolate." Section 266 of the civil
code provides that issues of fact arising in actions for
the recovery of money shall be tried by a jury, unless
a jury trial is waived or a reference be ordered. No
reference was ordered in this case, nor was a jury trial
waived; but, on the contrary, the defendants de-
manded a jury trial. In *Hodges v. Easton*, 106 U. S.
408, 412, Mr. Justice Harlan uses the following lan-
guage :

"It was the province of the jury to pass upon the
issues of fact, and the right of the defendants to have
this done was secured by the constitution of the United
States. They might have waived that right, but it
could not be taken away by the court. Upon the trial,
if all the facts essential to a recovery were undisputed,
or if they so conclusively established the cause of ac-
tion as to have authorized the withdrawal of the case
altogether from the jury, by a peremptory instruction
to find for plaintiffs, it would still have been neces-
sary that the jury make its verdict, albeit in con-
formity with the order of the court."

In *Maduska v. Thomas*, 6 Kan. 153, the court held
that, "in an action in which the parties are entitled
to a trial by jury, and where the parties have not
waived a jury trial, it is error for the court to render
a judgment upon the issues therein, except upon the
verdict of a jury." In that case, as in this, the court
instructed the jury to find a verdict for the plaintiff.

A form of verdict was, under the direction of the court, prepared by the clerk. It was signed by the foreman, returned to the clerk, and read to the jury. The defendant demanded that the jury be polled, which the court refused to permit, and the jury were then discharged, and judgment was rendered by the court in favor of the plaintiffs. The supreme court, speaking through VALENTINE, J., said :

"This judgment is unquestionably erroneous. In a contested case, the judgment to be valid must be founded upon the findings of the court, the report of a referee, or the verdict of a jury. It will not be claimed that this judgment is founded upon the findings of the court; for in a case like this, which can be tried by a jury only, unless the jury is waived, the court has no authority to make findings. It cannot be claimed that the judgment is founded upon a verdict of the jury; for the record does not merely fail to show that the supposed verdict was the verdict of the jury, but it clearly shows that it was not such verdict. The most that can be said in favor of the plaintiff, with reference to said verdict, is, that the jury disagreed. With all the instructions of the court, only one juror was found to sign the verdict. Several of the jurors refused to sign it, and others expressed no opinion; and the court refused to allow the jury to be polled. Here the court erred. The verdict of a jury is the verdict of each and every juror. The verdict of 11 jurors, or any less number than 12, is not the verdict of the jury."

In *Thornburgh v. Cole*, 27 Kan. 490, the trial court instructed and directed the clerk to prepare a verdict for the defendants. The verdict was so prepared by the clerk and presented to the jury, and then the court directed one of their number to sign the same as foreman, which was accordingly done. The plaintiff, on the return of the verdict, objected to the filing of the same, and requested the clerk to poll the jury, which

request the court refused. Held, error. HORTON, C. J., writing the opinion of the court, said :

"Of course, the action of the trial court in refusing to poll the jury when requested so to do by plaintiff was erroneous. A party entitled to a jury trial is entitled to have a verdict of a jury, unless a jury is waived. A judgment is not founded upon a verdict of the jury where such verdict is rendered under the orders and directions of the court, and the party is not permitted to have the jury polled." (Citing *Maduska v. Thomas*, supra.)

If it was error in the cases last cited to refuse to allow the jury to be polled, the court certainly committed prejudicial error in this case when it received that which, although in form, was not in fact a verdict, as shown by the answers given by two of the jurors in open court in response to the questions propounded to them upon demand of the defendants. It was the duty of the jury to accept the instructions of the court as the law of the case, and to return a verdict as directed. (*Howell v. Pugh*, 25 Kan. 96 ; *Irwin v. Thompson*, 27 id. 643 ; *Ryan v. Tudor*, 31 id. 366.) But two of the jurors refused to follow the directions of the court ; hence there was no verdict ; and, as this case belongs to that class of cases in which the defendant was entitled to a jury trial, and as no verdict was returned by the jury, the court had no authority to render a judgment in favor of the plaintiffs. (*Maduska v. Thomas*, supra ; *Thornburgh v. Cole*, supra.) The jury should have been sent out for further deliberation, and have been kept together until it satisfactorily appeared that there was no probability of their complying with the directions of the court or of otherwise agreeing upon a verdict, in which event it would have been proper to have discharged them and sub-

mitted the case to another jury. (Civil Code, §§ 281, 282, 283, 284.)

The judgment having been rendered without authority of law, it will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.